IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANICQUA APONTE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JULIA APONTE | : | NO. 15-1315 |
| BRANDI FUENTES | : | |

MEMORANDUM

**DITTER, J.**                                                                                          **MARCH 18, 2015**

Plaintiff Shanicqua Aponte brings this action against Julia Aponte and Brandi Fuentes. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

I.   FACTS

Plaintiff alleges that she was in a relationship with her husband for eight years prior to getting married in August of 2014. She alleges that her husband's mother, Julia Aponte, did not like her because she is black, called her names, and prevented her and her husband from getting married earlier. Plaintiff alleges, among other things, that her mother-in-law assaulted her and threatened her on social media. After the wedding, plaintiff and her husband went to the home where her mother-in-law and Brandi Fuentes reside in an effort to retrieve certain belongings. The defendants cursed at plaintiff and her husband and threatened to call the police.

Plaintiff's husband was injured in a fire in October and succumbed to his injuries. Fuentes falsely accused plaintiff on social media of setting her husband on fire and trying to kill him. Having been told that her husband committed suicide, Plaintiff alleges that he did so because the defendants repeatedly tormented him for marrying plaintiff.

1

Based on those facts, plaintiff initiated this lawsuit against her mother-in-law and Fuentes. The complaint purports to raise a First Amendment claim pursuant to 42 U.S.C. § 1983, claims under the Privacy Act, and various state law claims. Plaintiff seeks compensatory and punitive damages.

## II.     STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that she is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

 "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Here, it is clear from the complaint that the defendants are private actors rather than officials of state government. Accordingly, there is no basis for a constitutional claim against them.

The Privacy Act generally restricts the ability of federal agencies to disclose individuals' personal records and provides a means for individuals to review their records to correct inaccuracies. *Belt v. President U.S.*, 582 F. App'x 91, 92 (3d Cir. 2014) (per curiam). It has no application to this case. Nor can the Court discern any other basis for a federal claim based on the facts alleged in the complaint.

All that remains are plaintiff's state law claims. The only possible basis for subject matter jurisdiction over those claims is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1]  Here, the complaint reflects that all of the parties are citizens of Pennsylvania. Accordingly, diversity is lacking and there is no basis for jurisdiction over plaintiff's state law claims. If plaintiff seeks to pursue those claims, she must proceed in state court.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's federal claims with prejudice, as amendment of those claims would be futile. Plaintiff's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order follows.

---

[1] It would not be appropriate for the Court to exercise supplemental jurisdiction having dismissed plaintiff's federal claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANICQUA APONTE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JULIA APONTE | : | NO. 15-1315 |
| BRANDI FUENTES | : | |

**ORDER**

AND NOW, this 18th day of March, 2015, upon consideration of plaintiff's motion for leave to proceed *in forma pauperis* and her complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. The complaint is DISMISSED for the reasons stated in the Court's Memorandum. Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice.

3. The Clerk of Court shall CLOSE this case.

BY THE COURT:

s/J. William Ditter, Jr.
**J. WILLIAM DITTER, JR., J.**